UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JUAN CASTRO MARIN,

     Plaintiff,

v.

                            Case No.:  6:26-cv-00822-GAP-DCI

LOUIS A. QUINONES, SECRETARY
OF DHS MARKWAYNE MULLIN,
TODD BLANCHE, GARRET RIPA,

     Defendants,

_____/

## ORDER

This matter is before the Court on the Petition for Writ of Habeas Corpus filed by Petitioner Juan Castro Marin ("Petitioner"). Doc. 1. The Court has also considered Respondents' Response in Opposition. Doc. 5. For the reasons set forth below, the Habeas Petition will be denied.

### I. Background

Petitioner is a citizen of Colombia. Doc. 1, ¶ 8. He arrived in the United States on December 6, 2023, and was released on his own recognizance.[1] *Id.* at 8, ¶ 16. In

_____

[1] Respondents aver that Petitioner "was admitted into the United States at an unknown time and an unknown place." Doc. 5 at 1 (citing Doc. 5-1 at 1, the Department of Homeland Security's Form I-213 Record of Deportable/Inadmissible Alien). But Petitioner attached his signed Order of Release on Recognizance showing his entry and release on December 6, 2023, and Respondents make no effort to discredit that document. *See* Doc. 1 at 8; *see generally* Doc. 5. Therefore, the Court credits Petitioner's documentary evidence.

2024, Petitioner filed an Application for Asylum which remains pending. *See id.* at 9, ¶ 19. On June 6, 2025, he was issued an Employment Authorization Card and on June 25, 2025, he was issued a social security card for work purposes. *Id.* at 10.

On April 10, 2026, Petitioner was arrested in Orlando and charged with second-degree misdemeanor petit theft. *Id.*, ¶ 1, 15. On April 11, 2026, Petitioner posted bond on his state charge, but he continues to be held at the Orange County Jail based solely on an Immigration Hold. *Id.*, ¶¶ 2-3. On April 15, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus challenging his detention. *See id.* In his Petition, he maintains that he is lawfully present in the United States and continues to be held without judicial warrant or written notice explaining the legal basis for his continued detention.[2] *Id.*, ¶¶ 3-4, 17-19. Petitioner seeks a Writ of Habeas Corpus directing his immediate release and declaration that his detention is unlawful. *Id.*, ¶ 5.

In light of its recent experience with similar habeas petitions, on April 15, 2026, this Court entered an Order that temporarily restrained and enjoined Respondents and those in privity with them from moving Petitioner out of the Middle District of Florida until further order of the Court. Doc. 3. That Order also

---

[2] Respondents report that Petitioner was taken into custody by federal authorities on April 13, 2026, and that he was served with a warrant and Notice to Appear for removal proceedings on April 16th. Doc. 5 at 1; *see* Doc. 5-2; Doc. 5-3.

- 2 -

directed Respondents to show cause as to why the Court should not grant the Petition. *Id.* at 1-2.

On April 17, 2026, Respondents filed their Response, contending that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(c)(1)(E)(ii). Doc. 5 at 2-4. The Petition is ripe for adjudication.

## II. Habeas Standard

Congress granted federal courts the authority to determine whether a prisoner "is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3). To answer that question in the present immigration context, "the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal." *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). "[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699-700. But even where removable is reasonably foreseeable, "the habeas court should consider the risk of the alien's committing further crimes as a factor potentially justifying confinement within that reasonable removal period." *Id.* at 700 (emphasis added).

## III.  Analysis

Respondents acknowledge the "overwhelming volume of district court decisions disagreeing with their view on statutory authority under 8 U.S.C. § 1225." Doc. 5 at 2; *see Guaiquire v. Quinones et al*, No. 6:26-cv-169-RBD-RMN, Doc. 19 (M.D.

Fla. Feb. 3, 2026); *Perez v. Quinones et al*, No. 6:26-cv-228-GAP-DCI, Doc. 20 (M.D. Fla. Feb. 9, 2026). However, in this case, as Respondents acknowledge, that dispute is not at issue. Doc. 5 at 2.

Rather, the facts underlying the Petition implicate § 1226(c)(1)(E)(ii), which states in pertinent part:

> The Attorney General **shall** take into custody any alien who…**is charged with, is arrested for**, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of **any**…**theft, larceny, [or] shoplifting[.]**

8 U.S.C. § 1226(c)(1)(E)(ii) (emphasis added). "Theft", "larceny", and "shoplifting" "have the meanings given such terms in the jurisdiction in which the acts occurred." § 1226(c)(2); *see Machado-Matos v. Ripa*, No. 3:26-CV-360-MMH-LLL, 2026 WL 672978, *3 (M.D. Fla. Mar. 10, 2026).

Here, Petitioner admits that he was arrested and charged with second-degree misdemeanor petit theft on April 10, 2026. Doc. 1, ¶ 1. This was confirmed by Customs and Border Patrol's records query on Petitioner which returned one outstanding charge under Fla. Stat. § 814.014(3)(a). *See* Doc 5-5. The Florida criminal statute states that:

> "[t]heft of **any** property not specified in subsection (2) is **petit theft of the second degree and a misdemeanor of the second degree**, punishable as provided in s. 775.082 or s. 775.083, and as provided in subsection (5), as applicable."

Fla. Stat. § 814.014(3)(a); *see also* Fla. Stat. § 775.082(4)(b) (penalty for a second-degree misdemeanor may not exceed 60 days of imprisonment).

The Court agrees with Respondents that Petitioner "falls squarely within the statute." *See* Doc. 5 at 3. Though petit theft is a lesser crime than other forms of burglary and larceny, Congress cast a wide net in commanding the Attorney General to detain aliens charged with "**any** theft, larceny, [or] shoplifting[.]" § 1226(c)(1)(E)(ii) (emphasis added). Petitioner, who does not deny that the state of Florida has charged him with second-degree misdemeanor petit theft, has been caught in that net. *See id.*; Doc. 1, ¶ 1.

Consequently, Petitioner's detention is not covered by the bond hearing provisions of § 1226(a) and, pursuant to § 1226(c)(1)(E)(ii), his detention on an immigration hold by federal authorities is not unlawful. *See also* Doc. 5-1; Doc. 5-2; Doc. 5-3.

## IV.   Conclusion

Accordingly, it is **ORDERED** that Petitioner Juan Castro Marin's Petition for a Writ of Habeas Corpus and injunctive relief is hereby **DENIED**.

This Court's Order (Doc. 3) enjoining Respondents from moving Petitioner Juan Castro Marin out of the Middle District of Florida is hereby **DISCHARGED**.

**TAKE NOTICE** that the Hearing scheduled for Tuesday, April 21, 2026, at 11:00 AM is hereby **CANCELLED**.

**The Clerk is DIRECTED** to enter judgment in favor of Respondents and thereafter to close the case.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 20, 2026.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

- 6 -